# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODILON CASTRO CASTILLO,<br><br>                  Petitioner,<br><br>  v.<br><br>MARKWAYNE MULLIN, *et al*.,<br><br>                Respondents. | Case No. 26-cv-3077-BAS-JLB<br><br>**ORDER:**<br><br>   **1. GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>   **2. DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 3)** |

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 requesting immediate release from immigration custody. (ECF No. 1.) Petitioner simultaneously filed a Motion for a Temporary Restraining Order ("TRO") also requesting release. (ECF No. 3.) The Government does not oppose the request. (ECF No. 6.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released from immigration custody on reasonable conditions set by an Immigration Judge.

## I.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.     ANALYSIS

The Department of Homeland Security ("DHS") arrested Petitioner on September 30, 2025. (ECF No. 1 ¶ 3.) An Immigration Judge had previously ordered Petitioner removed but granted withholding of removal to Mexico, Petitioner's native country. (*Id*. ¶ 2.) It is now past the presumptively reasonable six-month period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Government agrees that it is "unable to ascertain sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future" under *Zadvydas*. (ECF No. 6.) Hence the Government "acknowledge[s] that Petitioner is entitled to be released from custody subject to conditions of supervision." (*Id*.)

26cv3077

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** Odilon Castro Castillo (A#205-320-628) be released from immigration custody forthwith subject to conditions set by an Immigration Judge. In addition, DHS is ordered not to re-detain Petitioner unless it obtains travel documents for a country other than Mexico. Finally, DHS is ordered not to remove Petitioner to a third country without notice and a reasonable opportunity for Petitioner to be heard on this third country.

In light of this order, the Court finds the Motion for a TRO is **MOOT**. (ECF No. 3.)

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 27, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3077